**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed December 6, 2011.**



In The

# Fourteenth Court of Appeals

NO. 14-11-01012-CR
NO. 14-11-01013-CR

**IN RE TERRY J. BECK, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County**
**Trial Court Cause Nos. 56,4661-E & 56,4662-E**

## MEMORANDUM OPINION

On November 28, 2011, relator Terry J. Beck filed petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Randy Roll, presiding judge of the 179th District Court of Harris County to grant relief requested in his post-conviction writ of habeas corpus.

In 1990, relator was convicted of indecency with a child. *See Beck v. State*, Nos. 10-03-00060-CR & 10-03-00061-CR; 2004 WL 1794478 (Tex. App.—Waco Aug. 11,

2004, no pet.) (not released for publication).[1]  In 2003, relator's motion for DNA testing was denied, and the denial affirmed by the court of appeals.  *Id.*  According to his petition for writ of mandamus, relator filed a post-conviction writ of habeas corpus in the trial court on September 22, 2010.  He asks this court to direct the trial court to "address and grant the relief sought in the petition for writ of habeas corpus and/or grant a live hearing on the petition for relief[.]"

While the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction over matters related to final post-conviction felony proceedings.  *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991).  This court has no authority to issue a writ of mandamus to compel a district court judge to rule on matters seeking post-conviction relief from final felony convictions.  *See In re McAfee*, 53 S.W.3d 715, 718 (Tex .App.—Houston [1st Dist.] 2001, orig. proceeding).  Instead, the Court of Criminal Appeals has jurisdiction to compel a trial court judge to act on a post-conviction petition for habeas corpus relief. *McCree v. Hampton*, 824 S.W.2d 578, 578–79 (Tex. Crim. App. 1992).

Because relator is seeking to compel the trial court to address and grant post-conviction relief, we conclude that we do not have jurisdiction over these proceedings.

Accordingly, we dismiss relator's petitions for writ of mandamus.


PER CURIAM


Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[1] Pursuant to section 73.001 of the Texas Government Code appellant's appeals were transferred to the Tenth Court of Appeals after having been filed in this court.